[COMPLETE LIST OF COUNSEL
IDENTIFIED ON SIGNATURE PAGES]

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HUNTER DOUGLAS, INC. and ANDREW J. TOTI TESTAMENTARY TRUST,<br><br>      Plaintiffs,<br><br>      v.<br><br>CHING FENG HOME FASHIONS CO., LTD.,<br><br>      Defendant. | **CASE NO. 3:17-CV-01069-RS**<br><br>**STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR PATENT LITIGATION** |

WHEREAS, Hunter Douglas, Inc. and the Andrew J. Toti Testamentary Trust (collectively, "Plaintiffs"), and Ching Feng Home Fashions Co., Ltd. ("Ching Feng"), have stipulated to certain modifications to the Court's Model Stipulation & Order Re: Discovery of Electronically Stored Information For Patent Litigation, and for good cause shown and upon the stipulation of the parties, the Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

2. This Order may be modified in the Court's discretion or by stipulation.

3. As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. The parties are expected to comply with the District's E-Discovery Guidelines ("Guidelines") and are encouraged to employ the District's Model Stipulated Order Re: the Discovery of Electronically Stored Information and Checklist for Rule 26(f) Meet and Confer regarding Electronically Stored Information.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe as set forth in the Guidelines.

10. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

11. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The Court encourages the parties to confer on a process to test the efficacy of the search terms. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any party shall bear all reasonable costs caused by such additional discovery.

12. Nothing in this Order prevents the parties from agreeing to use technology assisted review and other techniques insofar as their use improves the efficacy of discovery. Such topics should be discussed pursuant to the District's E-Discovery Guidelines.

13. Absent further Court order, the following parameters shall apply to general ESI production requests under Federal Rules of Civil Procedure 34 and 45:

13.1. Absent a showing of good cause, general ESI production requests or compliance with a mandatory disclosure requirement of this Court shall not include or require the production of metadata with the exception of the following information which shall be included: BEGBATES, ENDBATES, BEGATTACH, ENDATTACH, ATT_COUNT, CUSTODIAN_ALL, AUTHOR, SUBJECT, TITLE, SUBJ_EMAIL, FILE_NAME, CONFIDENTIALITY, COMMENTS,[1] TEXT LINK, NATIVELINK, REDACTED, TO, FROM, CC, BCC, DATE SENT, TIME SENT, DATE RECEIVED, TIME RECEIVED, CREATE_DATE, LASTMODDATE, LASTPRNTDATE, DOC_TYPE, DOCEXT, PAGE_COUNT, DUPSTATUS, MD5HASH, TEXT, VOLUME, NATIVE LINK, and FOREIGN_LANG which should be populated by the party or the party's vendor. Fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist. The parties will make reasonable efforts to ensure that metadata fields automatically extracted from the documents are correct, however, the parties acknowledge that such metadata may not always be accurate and might instead contain irrelevant or incorrect information generated during the collection process. Parties may request other native files be produced as described in Section IV below. To the extent that the term "native" is used in this agreement, it means either in native or otherwise comparable format. Thus, for example, if a Google slide presentation is to be produced in native format, producing the document as a .ppt file would be appropriate.

13.2. **Accessible ESI**. The parties agree that reasonably accessible sources of ESI for the purposes of this case include electronic documents stored on computer networks, hard drives, shared network drives, and workstation or laptop hard drives.

13.3. **General Document Image Format**. Each electronic document shall be produced in black and white or color single-page Group IV Tagged Image File Format ("TIFF") or native format. TIFF files shall be single page and shall be named with a unique production number

---

[1] The parties agree that an acceptable alternative to producing COMMENTS metadata as a separate field is to make comments visible in TIFF format.

followed by the appropriate file extension. Load files stating the location and unitization of the TIFF files shall be provided. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

      13.4. **Hard Copy Documents**. Documents that exist in hard copy format only shall be scanned and produced as black and white or color single page Group IV TIFFs, with at least 300 dpi. Each TIFF image shall be named according to the corresponding Bates number associated with the document. Each image shall be branded according to the production number and applicable confidentiality designation. TIFFs shall show all text and images that would be visible to a user of the hard copy documents. The documents should be unitized as they currently exist in the ordinary course of business.

      13.5. **De-Duplication**. A party is only required to produce a single copy of a responsive document and a party may de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document family level) across volumes. To the extent that a base document may contain nonprivileged handwriting, notes or other modifications or marginalia which render the document non-identical, a copy of each non-identical document shall be produced. To the extent that de-duplication through MD5 or SHA-1 hash values is not possible, the parties shall meet and confer to discuss any other proposed methods of de-duplication.

      13.6. **Text-Searchable Documents**. Documents shall be produced in text-searchable format at no cost to the receiving party. However, documents that do not have extractable text or text that can be generated by optical character recognition (OCR) need not be produced in text-searchable format.

      13.7. **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

      13.8. **Native Files**. Excel spreadsheets shall be produced in their native format when requested. However, native format production shall not be required if an Excel spreadsheet requires redaction (for privilege or otherwise). Moreover, document types that cannot be reduced to TIFF image (e.g., media files, etc.) shall be produced in their native format with an accompanying

slip-sheet branded with the appropriate production number and confidentiality designation. For other documents, a party may make a reasonable request to receive the document in its native format, and upon receiving such a request, the producing party shall produce the document in its native format with an accompanying slip-sheet branded with the appropriate production number and confidentiality designation.

13.9. **Color**. A party that receives a document produced in a format specified above may make a reasonable request to receive a color version. Upon receipt of such a request, the producing party shall produce color images in single-page JPEG format.

13.10. **No Backup Restoration Required**. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media.

13.11. **Inaccessible ESI**. Absent a showing of good cause, voicemails; instant messages; legacy data; residual, fragment, damaged, permanently deleted slack and unallocated data; PDAs; and mobile phones are all deemed not reasonably accessible and need not be collected and preserved.

14. Under Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected ESI is not a waiver in this case or in any other federal or state proceeding.

15. The mere production of ESI in litigation as part of a mass production shall not itself constitute a waiver for any purpose.

16. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

**IT IS SO STIPULATED**, through Counsel of Record.

DATED: June 8, 2017

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Frederick L. Whitmer*
KILPATRICK TOWNSEND & STOCKTON LLP
Frederick L. Whitmer, *pro hac vice*
1114 Avenue of the Americas
New York, NY 10036
Email: fwhitmer@kilpatricktownsend.com
Telephone: (212) 775-8773
Facsimile: (212) 775-8821

Matthew C. Holohan, (SBN 239040)
Kent T. Dallow, *pro hac vice*
1400 Wewatta Street
Denver, CO 80202
Email: mholohan@kilpatricktownsend.com
kdallow@kilpatricktownsend.com
Telephone: (303) 571-4000
Facsimile: (303) 571-4321

A. James Isbester (SBN 129820)
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Email: jisbester@kilpatricktownsend.com
Telephone: (415) 273-4335
Facsimile: (415) 576-0300

Attorneys for Plaintiffs Hunter Douglas Inc. and Andrew J. Toti Testamentary Trust

STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR PATENT LITIGATION
CASE NO. 3:17-CV-01069-RS

6

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: June 8, 2017 | K&L GATES LLP |
| 3 | | By: /s/ *Peter E. Soskin (with permission)* |
| | | Harold H. Davis, Jr. |
| 4 | | Jas S. Dhillon |
| | | Rachel E. Burnim |
| 5 | | Peter E. Soskin |
| | | K&L GATES LLP |
| 6 | | 4 Embarcadero Center, Suite 1200 |
| | | San Francisco, California 94111 |
| 7 | | Tel: 415.882.8200 |
| | | Fax: 412.882.8220 |
| 8 | | |
| | | Jay C. Chiu (SBN 205385) |
| 9 | | jay.chiu@klgates.com |
| | | K&L GATES LLP |
| 10 | | 1 Park Plaza |
| | | Twelfth Floor |
| 11 | | Irvine, CA 92614 |
| | | Tel: 949.253.0900 |
| 12 | | Fax: 949.253.0902 |
| 13 | | Attorneys for Defendant Ching Feng Home Fashions Co., Ltd. |

**PURSUANT TO STIPULATION, IT IS ORDERED** that the forgoing Order is approved.

Dated: 6/12/17

_____
UNITED STATES DISTRICT/~~MAGISTRATE~~ JUDGE

12687277V.2

STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR PATENT LITIGATION
CASE NO. 3:17-CV-01069-RS

8