UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNTER DOUGLAS INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> CHING FENG HOME FASHIONS CO., LTD., <br><br> Defendant. | Case No. 17-cv-01069-RS (JSC) <br><br> **ORDER GRANTING MOTION TO STRIKE INFRINGEMENT CONTENTIONS** <br><br> Re: Dkt. No. 83 |

Plaintiffs allege that Defendant's window blinds infringe three of Plaintiffs' patents. Pursuant to Northern District of California Patent Local Rule 3-1, Plaintiffs served their infringement contentions. Now pending before the Court is Defendant's motion to strike Plaintiffs' doctrine of equivalents contentions. After considering the parties' joint discovery letter and attached exhibits, as well as the relevant caselaw, the Court concludes that oral argument is unnecessary. *See* N.D. Cal. Civ. L. R. 7-1(b). As Plaintiffs' contentions are mere boilerplate that does not convey meaningful information beyond that Plaintiffs assert the doctrine of equivalents, Defendant's motion to strike is granted with 14 days leave to amend.

**DISCUSSION**

Plaintiffs assert literal infringement of each element of every asserted claim of all three patents in suit. In addition, for every element of every claim asserted for all three patents Plaintiff provides the following doctrine of equivalents disclosure:

> To the extent that Defendant alleges that this claim limitation is not present in the representative accused products, Plaintiffs contend that the representative accused products also meet this claim limitation under the doctrine of equivalents. More specifically, in its investigation and analysis of the representative accused products, Plaintiffs did not identify any substantial differences between this claim limitation and he corresponding features of the infringing

> instrumentalities, as set forth herein.  In each instance, the identified features of the infringing instrumentalities perform substantially the same function in substantially the same way to achieve substantially the same result as the corresponding claim limitation.

This identical language is used for each element without variation.

Plaintiffs' doctrine of equivalents contentions are insufficient.  They do nothing more than assert that the doctrine of equivalents applies and thus are indistinguishable from the inadequate contentions in *Blue Spike, LLC v. Adobe Systems, Inc.*, 2015 WL 335842, at *6 (N.D. Cal. Jan. 26, 2015) and *Finjan, Inc. v. Proofpoint, Inc.*, 2015 WL 1517920, at *10 (N.D. Cal. April 2, 2015), and the cases upon which they rely. To be sure, unlike in those cases Plaintiffs also recite the legal test for the doctrine of equivalents, but that is not any different from simply saying the doctrine of equivalents applies.

Plaintiffs' reliance on *MediaTek Inc. v. Freescale Semiconductor, Inc*., 2014 WL 2854773 (N.D. Cal. June 20, 2014) is misplaced.  There the defendant had not moved to strike the contention and instead waited until expert reports to argue that the Rule 3-1 disclosure was inadequate. More importantly, only one element was at issue; apparently unlike Plaintiffs here, the plaintiff there made a reasonable judgment as to which elements of which claims it actually had a viable doctrine of equivalents argument.  Further, the single contention at issue actually identified the function claimed to be performed. *Id.* at *1.

## CONCLUSION

Defendant's motion to strike Plaintiffs' doctrine of equivalents contentions is GRANTED. Plaintiffs shall serve amended contentions, if any, within 14 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: September 5, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge