December 5, 2017

By ECF

Magistrate Judge

Re: Hunter Douglas, Inc. and Andrew J. Toti Testamentary Trust v. Ching Feng Home Fashions Co., Ltd.
Discovery Dispute Regarding Damages Contentions

Dear Judge:

Pursuant to the Court's Case Management Scheduling Order (Dkt. 64), the parties submit this joint letter regarding a discovery dispute. Defendant Ching Feng Home Fashions Co., Ltd. ("Ching Feng") objects to the Second Amended Damages contentions served by Plaintiffs Hunter Douglas, Inc. and the Andrew J. Toti Testamentary Trust (collectively, "Hunter Douglas") on November 13, 2017 (the "2d Amended Damages Contentions") because Ching Feng contends that Hunter Douglas has not provided the factual support within their possession for their 2d Amended Damages Contentions as is required pursuant to Patent Local Rule 3-8. After meeting and conferring on the issue, the parties have reached an impasse, as Hunter Douglas does not believe that its contentions are deficient. Ching Feng seeks an order that Hunter Douglas supplement its damages contentions with supporting evidence in its possession and, to the extent it fails to adequately disclose such evidence, Hunter Douglas be barred from later introducing into evidence currently known but undisclosed supporting evidence.

## BACKGROUND

Hunter Douglas is seeking damages from Ching Feng arising from its allegations that certain of Ching Feng's window blinds infringe three of its patents (the patents-in-suit). Hunter Douglas contends the "appropriate theory of damages in this case is a theory of lost profits," but it "reserves the right" to seek damages under price erosion and reasonable royalty theories.

Hunter Douglas first served initial damages contentions on September 12, 2017. Ching Feng objected to several aspects of these damages contentions as not satisfying Pat. L.R. 3-8. After meeting and conferring about those objections, Hunter Douglas served Amended Damages Contentions [Corrected] on October 30, 2017. The Amended Damages Contentions [Corrected] did not address all of Ching Feng's concerns, so Ching Feng objected again and the parties further met and conferred. On November 13, 2017, Hunter Douglas served the 2d Amended Damages Contentions along with a letter responding to Ching Feng's position and asserted that the damages contentions were not deficient. A copy of the 2d Amended Damages Contentions is attached hereto as **Exhibit A**.

## CHING FENG'S POSITION

Patent L.R. 3-8(a) requires Hunter Douglas to "[i]dentify each of the category(-ies) of damages it is seeking for the asserted infringement, as well as its theories of recovery, factual support for those theories, and computations of damages within each category . . . ."

The 2d Amended Damages Contentions fail to identify factual support for Hunter Douglas' damages theories that is likely to be in its possession. It asserts or reserves a claim for essentially every theoretical form of damages that can be asserted under the patent laws, from lost profits to price erosion to reasonable royalty, but identifies very little specific factual support for those claims. Most documents identified by Hunter Douglas are internally created spreadsheets ostensibly showing sales figures that are not current and appear to include irrelevant products and sales regions. Hunter Douglas has not identified any witnesses or identified any other underlying supporting documents, like receipts or purchase orders. In addition, other categories of relevant documents which are likely in Hunter Douglas' possession, but which it is choosing not to identify.

Specifically, Ching Feng believes the 2d Amended Damages Contentions are deficient in at least the following ways:

- Hunter Douglas identifies no witnesses to support its damages claims.

- Hunter Douglas identifies internally created spreadsheets without explaining what they are, how they were created, or how they support damages. It also fails to identify underlying documentary evidence to support them.

- Hunter Douglas provides no information on production costs for Hunter Douglas products after the patents issued, which is required to support a lost profits claim and is peculiarly within Hunter Douglas' possession.

- Hunter Douglas "reserves the right" to assert a pre-issuance reasonable royalty theory pursuant to 35 U.S.C. § 154(d), but identifies no supporting facts, including evidence that Ching Feng had actual notice of any of the applications of the patents in suit or any comparison between the claims of a published patent application and the asserted claims.

- Hunter Douglas provides no information as to Hunter Douglas' pricing or pricing policies after the patents issued, which is relevant to lost profits, price erosion and reasonable royalty. This information is peculiarly within the possession of Hunter Douglas.

- Hunter Douglas baldly asserts in the 2d Amended Damages Contentions that it is the market leader in window coverings (relevant to price erosion and lost profits) and that it had additional manufacturing and marketing capacity to meet additional demand (relevant to lost profits), but it identifies no supporting evidence.

This list is necessarily exemplary -- an educated guess. Hunter Douglas effectively admits it has additional information it is not providing when it says it will "provide more updated information over the normal course of discovery." This is improper. Complying fully with Patent L.R. 3-8 is a part the normal course of discovery. Ching Feng is entitled to disclosure of all currently known factual support for Hunter Douglas' damages theories, even if it is not specifically noted above.

Patent L.R. 3-8 is new enough that no published decisions have been found concerning its requirements. Ching Feng submits that the damages contentions are analogous to initial disclosures and responses to contention interrogatories under Federal Rule 26. Fed. R. Civ. P. Rule 26(e). The Federal Rules of Civil Procedure preclude a party from referring to information or calling witnesses that it failed to timely identify in disclosures unless the failure was

substantially justified or harmless. Fed. R. Civ. P. 37(c); *Hoffman v. Construction Protective Services, Inc.*, 541 F.3s 1175, 1179 (9th Cir. 2008); *see, e.g.*, *OEM-Tech v. Video Gaming Technologies, Inc.*, No. C 10-04368 RS U.S. Dist. WL 12173892 at *4–6 (N.D. Cal. January 8, 2013) (granting summary judgment after excluding document that plaintiff failed to serve in response to discovery despite plaintiff knowing of the document's existence.). By signing the 2d Amended Damages Contentions, Hunter Douglas' counsel certified that the contentions were complete and correct at the time they were made. Given the paucity of Hunter Douglas' factual disclosure, Ching Feng wants to ensure that there will be no supplement using information currently available to Hunter Douglas.[1] But Hunter Douglas refuses to confirm that this will be the case.

The Federal Circuit has recognized that district courts have discretion in deciding when contentions must be disclosed, and that local rules may limit the ability of a party to defer disclosing contention-related information. *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1279 (Fed. Cir. 2012) ("some courts have passed **local rules limiting the extent to which parties are at liberty to defer answering contention interrogatories.**") (emphasis added, quoting Fed. R. Civ. P. 26(e)(1)).

By specifically acting to govern the time and scope of damages contentions by promulgating Patent Local Rule 3-8, the Court has concluded that the appropriate time for Hunter Douglas to identify known factual support for their damages contentions is now. Allowing parties to defer the required disclosures effectively negates the rule.

Patent L.R. 3-8(b) requires that a plaintiff who cannot provide a fulsome response identify additional information required, and below Hunter Douglas congratulates itself for "complying" with that part of the rule by including a long list of purportedly necessary information. But this list does not excuse Hunter Douglas from providing all alleged factual support currently in its possession.

Hunter Douglas also distracts from the issue here--the completeness of its damages contentions--by complaining about alleged failures of disclosure by Ching Feng. Ching Feng has responded to all previously promulgated discovery requests from Hunter Douglas, and there has been no meet and confer, let alone any motion to the Court, about alleged deficiencies in those responses. Hunter Douglas' damages contentions are not themselves discovery requests, and other than the responsive contentions required by Patent L.R. 3-9, require no response.

To ensure that the 2d Amended Damages Contentions damages contentions are in fact complete, Ching Feng requests that the Court order Hunter Douglas to either certify that its damages contentions are complete, or to amend its 2d Amended Damages Contentions to provide a complete identification of the facts and information available to Plaintiffs at this time that support their damages theories. Ching Feng further requests that Hunter Douglas be precluded from subsequently revising its damages contentions with information currently available to them without leave of Court for good cause shown.

---

[1] Supplementation with future-learned information is not at issue here. Defendant assumes that Rules 3-8 and 3-9 do not require leave of court to amend because both parties will learn additional damages information during discovery.

**HUNTER DOUGLAS' POSITION**

Hunter Douglas has complied with Patent L.R. 3-8, which has two parts. Ching Feng does not dispute that Hunter Douglas has complied with Patent L-R 3-8(b) and has "identif[ied] the information it requires" from Ching Feng to provide a fulsome response. To date, Ching Feng has provided *none* of the requested information, despite having these requests in the form of the Original Damages Contentions (served on September 12, 2017) and Hunter Douglas' First Set of Requests for Production of Documents (Served on June 2, 2017) for months. As Ching Feng is well aware, the documents Hunter Douglas has requested from Ching Feng will unquestionably support Hunter Douglas' damages theories, including demand for the patented product, competition in the same market, loss of market share, capacity, amount of profit, price erosion, and other forms of damages. Ching Feng's request to stifle Hunter Douglas' ability to recover compensation for the infringement through the procedural mechanism of compliance with Patent L.R. 3-8 is transparently an effort to avoid its own discovery obligations.

Thus, the sole issue is whether Hunter Douglas has "identif[ied] each of the category(-ies) of damages it is seeking for the asserted infringement, as well as its theories of recovery, factual support for those theories, and computations of damages within each category answered" pursuant to Patent L.R. 3-8(a). Notwithstanding Ching Feng's novel theory that the "damages contentions are analogous to initial disclosures and responses to contention interrogatories under Federal Rule 26," Hunter Douglas has complied here. The 2d Amended Damages Contentions – over nine pages in length – include detailed theories and facts to support its claims. Initial disclosures relate to information under a party's control; nothing in Patent L.R. 3-8, either explicitly or by implication suggests that Ching Feng's theory is sustainable.

In its 2d Amended Damages Contentions, Hunter Douglas has identified multiple categories of damages that it may seek: (1) lost profits, (2) price Erosion, (3) reasonable royalty, and (4) damages based on willful infringement, as well as costs, prejudgment, and post-judgment interest on those damages. In accusing Hunter Douglas of "assert[ing] a claim for essentially every theoretical form of damages that can be asserted under the patent laws, from lost profits to price erosion to reasonable royalty," Ching Feng both misstates the law of patent damages and the Patent Local Rules and appears to assume that there is something improper about Hunter Douglas's response. There isn't: nothing in the Patent Local Rules prohibits a plaintiff from identifying multiple categories of damages that it may ultimately seek at trial. Nor is Hunter Douglas prevented from seeking various categories of damages at trial.

Each of Hunter Douglas' theories of damages is supported by ample facts and evidence pursuant to Patent L.R. 3-8(a). For example, Hunter Douglas has provided facts that support a finding that it is entitled to lost profits in this case. It has provided documents evidencing the amount of profit, sales, units sold, cost of sales, and pricing information of its LiteRise® Product to support its lost profits theory, including the significant demand for the patented product, the amount of profits, and price erosion. (Exhibit A at 3-5). Although the date of this financial data ranges from 2000-2013, Hunter Douglas will provide more updated information over the normal course of discovery as it continues to update its discovery responses as time progresses and as further investigation is made as the issues in the litigation are clarified. This same information provides evidence to support Hunter Douglas' price erosion theory. Hunter Douglas provides


factual support for its assertion that Hunter Douglas and Ching Feng are direct competitors in the market place, including evidence that: (1) both parties' products are cordless window coverings, (2) both parties' products are sold online directly to customers, and (3) both parties' products are sold by retailers, including Lowes and Home Depot. (Exhibit A at 3-4).

Hunter Douglas' 2d Amended Damages Contentions leave no mystery as to the types of damages sought by Hunter Douglas and the facts on which Hunter Douglas intends to rely. Despite statements alluding otherwise, Ching Feng's entire positon seems to be premised on the *strength* of Hunter Douglas' facts and evidence, not whether the evidence has been sufficiently disclosed. Patent L-R 3-8 merely requires the identity of the categories of damages, the theories of recovery, and factual support for those theories – each of which Hunter Douglas has undisputedly provided.[2]  Ching Feng's list of purported deficiencies is a red herring.[3]  Its positions are unsupported by either the language or the intent of Patent L.R. 3-8, and in essence Ching Feng is inappropriately asking Hunter Douglas to provide its complete and final damages argument at this early juncture of the case, without having the benefit of documents and disclosures related to the accused products. In many cases, Ching Feng's own documents and disclosures are essential for Hunter Douglas to provide a more fulsome response – for example the calculation of the exact reasonable royalty and amount of lost profits necessarily requires data from Ching Feng.

The plain fact is that Hunter Douglas has complied with the Patent Local Rules and disclosed its Damages Contentions. While Hunter Douglas intends to continue supplementing its discovery responses, including gathering and producing documents that will continue to inform its damages theories, at this early stage of the litigation Hunter Douglas' damages contentions identify exactly what types of damages Hunter Douglas intends to seek, and what facts it will rely on. All the while Ching Feng has continued to delay providing its own Responsive Damages Contentions pursuant to Patent L.R. 3-9 and has produced no damages documents. There is no basis to compel further supplementation of Hunter Douglas' damages contentions at this early stage, and there is certainly no grounds to preclude Hunter Douglas from relying on additional facts and evidence not explicitly delineated in the contentions. Thus, Ching Feng's request should be denied.

---

[2] Regarding the "computations of damages within each category," Hunter Douglas has provided its portion of the necessary data, and has been waiting for months for Ching Feng to provide the remaining information.

[3] Patent L.R. 3-8 does not require the identity of witnesses who may support damages claims, however, Hunter Douglas has provided the identity of a relevant witness with knowledge on the sales, marketing, and related business information in its Initial Disclosures. (*See* Hunter Douglas' Initial Disclosures, December 29, 2016).  The spreadsheets provided by Hunter Douglas' of sales, profits, etc. are kept in the normal course of business, and are clearly "factual support for [Plaintiffs'] theories" as required by L.R. 3-8.  Hunter Douglas has provided both "pricing information" and "cost of production" information from at least 2000-2013, and will continue to produce updated information over the normal course of discovery.

| | |
|---|---|
| DATED: December 5, 2017 | Respectfully submitted, |
| K&L Gates LLP | Kilpatrick Townsend & Stockton LLP |
| /s/ Peter E. Soskin | *[signature]* |
| Jay C. Chiu<br>1 Park Plaza<br>Twelfth Floor<br>Irvine, CA 92614<br>Telephone: (949) 253-0900<br>Facsimile: (949) 253-0902<br>*jay.chiu@klgates.com* | Frederick L. Whitmer<br>The Grace Building<br>1114 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 775-8700<br>Facsimile: (212) 775-8821<br>*fwhitmer@kilpatricktownsend.com* |
| Harold H. Davis, Jr.<br>Timothy P. Walker<br>Rachel Burnim<br>Peter E. Soskin<br>Four Embarcadero Center, Suite 1200<br>San Francisco, CA 94111<br>Telephone: (415) 882-8200<br>Facsimile: (415) 882-8220<br>*harold.davis@klgates.com*<br>*rachel.burnim@klgates.com*<br>*peter.soskin@klgates.com*<br>*timothy.walker@klgates.com* | Matthew C. Holohan<br>Kent Dallow<br>1400 Wewatta Street, Suite 600<br>Denver, CO 80202<br>Telephone: (303) 571-4000<br>Facsimile: (303) 571-4321<br>*mholohan@kilpatricktownsend.com*<br>*kdallow@kilpatricktownsend.com* |
| *Attorneys for Defendant*<br>*Ching Feng Home Fashions Co., Ltd.* | A. James Isbester<br>Two Embarcadero Center, Suite 1900<br>San Francisco, CA 94111<br>Telephone: (415) 273-4335<br>Facsimile: (415) 576-0300<br>*jisbester@kilpatricktownsend.com* |
| | *Attorneys for Plaintiffs*<br>*Hunter Douglas Inc. and Andrew J. Toti Testamentary Trust* |