1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    HUNTER DOUGLAS INC., ET AL.,          Case No. 17-cv-01069-RS  (JSC)

8                  Plaintiffs,

9          v.                              **ORDER RE: DAMAGES
                                           CONTENTIONS DISCOVERY LETTER
10   CHING FENG HOME FASHIONS CO.,         BRIEF**
     LTD.,
                                           Re: Dkt. No. 98
11                 Defendant.

12

13        Now pending before the Court is a joint discovery letter brief.  (Dkt. No. 98.)  Defendant

14   challenges the adequacy of Plaintiff's Second Amended Discovery Contentions under Patent

15   Local Rule 3-8.  The Rule, adopted less than one year ago, provides as follows:

16              3-8. Damages Contentions

17                  Not later than 50 days after service of the Invalidity
                Contentions, each party asserting infringement shall:
18

19                  (a) Identify each of the category(-ies) of damages it is
                seeking for the asserted infringement, as well as its theories of
                recovery, factual support for those theories, and computations of
20              damages within each category, including:

21                      1. lost profits;
                        2. price erosion;
22                      3. convoyed or collateral sales;
                        4. reasonable royalty; and
23                      5. any other form of damages.

24                  (b) To the extent a party contends it is unable to provide a
                fulsome response to the disclosures required by this rule, it shall
25              identify the information it requires.

26   N.D. Cal. Patent L.R. 3-8.  Similarly, the opposing party has an obligation to make known, with

27   specificity, its  defenses to the damages claimed:

28              3-9. Responsive Damages Contentions

1
2
3
4

> Not later than 30 days after service of the Damages Contentions served pursuant to Patent L.R. 3-8, each party denying infringement shall identify specifically how and why it disagrees with those contentions. This should include the party's affirmative position on each issue. To the extent a party contends it is unable to provide a fulsome response to the disclosures required by this rule, it shall identify the information it requires.

N.D. Cal. Patent L.R. 7-9.  These required disclosures are designed to inform the parties and the

court on issues of relevance and proportionality . . . . [and] create[] a potential opportunity for

meaningful settlement discussions." *Twilio, Inc. v. Telesign Corp.*, 2017 WL 5525929 *3 (N.D.

Cal. Nov. 17, 2017).

After twice amending its Damages Contentions in response to meeting and conferring with

Defendant, Plaintiff served its Second Amended Rule 3-8 Damages Contentions on November 13,

2017.  Defendant's Rule 3-9 disclosure is due December 12, 2017  (Dkt. No. 96.)  The parties

filed this joint discovery letter on December 6, 2017.

Apparently recognizing that Plaintiff lacks information regarding Defendant's sales of the

accused products, Defendant does not challenge Plaintiff's failure to include an actual

computation of damages as required by the Local Rule; instead, Defendant argues more "factual

support" is needed.  In particular, and among other things, it asserts that Plaintiff needs to: identify

the witnesses that support its damages claims, explain provided spreadsheets and identify the

underlying documentary evidence to support them, identify the actual costs of Plaintiff's products

as relevant to its lost profits claim, identify Plaintiff's pricing policies, and identify evidence that

supports its assertion that it is the market leader in window coverings.

Local Rule 3-8 does not require the "factual support" Defendant demands.  The Rule does

not require a patent plaintiff to identify supporting witnesses or produce actual evidence of the

specificity Defendant seeks.  Further, "unlike the more rigorous disclosure requirements for

infringement and invalidity contentions (see L.R. 3-1, L.R. 3-3), there is no 'good cause' threshold

for amendment of damages contentions, or is there even a requirement to amend the contentions."

*Twilio, Inc.*, 2017 WL 5525929 at *2.

That being said, to have meaningful settlement discussions and determine what is actually

at stake in this litigation, more information is required from both parties.  Plaintiff seems to think

1    that by simply stating in its Damages Contentions that it lacks information as to Defendant's sales

2    and similar information that Defendant was under an affirmative obligation to produce such

3    information. The Court is unaware of this obligation, and it is not in the Local Rules. Rather,

4    Plaintiff should have served written discovery on Defendant or at least informally sought this

5    information before it served its Damages Contentions so that it could provide as fulsome a

6    response as possible. *See Twilio, Inc.*, 2017 WL 5525929 at \*3.

7            The district court's case management conference order gave a January 20, 2018 or

8    thereabouts deadline for the parties' private mediation efforts. (Dkt. No. 64.) To ensure that those

9    efforts are meaningful, and that the goal of the Damages Contentions are met, the parties shall

10   meet and confer in person or by telephone on or before December 15, 2017 to develop a plan for

11   damages discovery so that Plaintiff can provide Defendant with a fulsome computation of its

12   damages and Defendant can provide a meaningful response. On or before December 20, 2017, the

13   parties shall jointly submit their damages discovery plan or, if agreement is not possible, a joint

14   letter regarding the dispute. If the mediation date has been continued, then they may extend these

15   deadlines by stipulation. But a plan is required.

16           Further, no more than 45 days following the district court's claim construction order, the

17   parties shall jointly submit a comprehensive discovery plan for the remainder of the case. The

18   parties' stipulated ESI Order was a good start. The plan shall include any changes to the default

19   discovery limitations. For example, do the parties wish to use a total hour limit for depositions

20   (e.g., each side has 70 hours) rather than just seven hours per deposition, and how will depositions,

21   if any, that require a translator be handled? The plan should also include the timing of discovery:

22   when certain categories of written discovery will be completed, when depositions will occur, and

23   where they will occur. The parties' goal is to comply with the command of Federal Rule of Civil

24   Procedure 1 that the Rules be construed, administered and employed by the courts *and the parties*

25   "to secure the just, speedy and inexpensive determination of every action and proceeding." Fed.

26   R. Civ. 1.

27           Should the parties run into difficulty in devising a discovery plan, they shall contact the

28   Court's Courtroom Deputy to schedule a discovery case management conference.

1    This Order disposes of Docket No. 98.

2    **IT IS SO ORDERED.**

3    Dated: December 12, 2017

4

                                                        _____
                                                        JACQUELINE SCOTT CORLEY
5                                                       United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California